THE CITY OF NEWARK, A MUNICIPAL CORPORATION, PROSECUTOR, v. NEWTON H. PORTER, JUDGE OF ESSEX COUNTY CIRCUIT COURT, PETER GUNNE, AND BOARD OF COMMISSIONERS OF ASSESSMENTS FOR LOCAL IMPROVEMENTS OF THE CITY OF NEWARK, DEFENDANTS.

Argued May 5, 1938—Decided June 11, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the prosecutor, *James F. X. O'Brien, Simon Englander* and *Vincent J. Casale.*

For Peter Gunne, *Harrison & Roche (J. Henry Harrison).*

BODINE, J. The writ brings up for review an award of incidental damages in a proceeding before the Board of Commissioners of Assessments for Local Improvements of the city of Newark and an order of the Circuit Court of Essex county confirming their report. The property in question owned by one Gunne is situate on Haynes avenue and has a frontage of three hundred and five feet and contains nearly four acres. On January 15th, 1930, the Board of Commissioners of Assessments of the city of Newark passed an ordinance providing for the opening, widening and changing of the grades of Haynes avenue and another street. Section 4 of the ordinance provides as follows: "That said improve-

ments shall be undertaken as local improvements and the cost thereof shall be assessed against the property peculiarly benefited by said improvements in proportion to the benefits received, and in no case shall any assessment for said improvements exceed in amount such peculiar benefits, under and by virtue of the provisions of the act above referred to."

The commissioners, at first, reported no damages in favor of Mr. Gunne. This report was confirmed. Later objections were made to the report awarding no damages, and after hearing the Circuit Court referred the matter back to the local improvement board to further hear and determine. The board then, proofs being adduced, awarded Mr. Gunne $67,000. After hearing upon objections to this report, the action of the local improvement board was confirmed by the Circuit Court. Although a motion was made to dismiss this writ for certain reasons, which need not now be mentioned, we have determined to deny the motion and to proceed to a determination of the controversy.

*Rev. Stat.* 40:56-1 provides that a grading or alteration of the grade of a street may be undertaken as a local improvement in any municipality. That Newark did undertake the improvement in question as a local improvement is clear from the language of the ordinance above referred to. *Rev. Stat.* 40:56-29 provides for the payment of incidental damages resulting from the making of the improvement, but exclusive of damages for the taking of real estate. Clearly, it is within the province of the legislature to provide for incidental damages exclusive of damages for the taking of real estate. *Klement* v. *Delaware River Joint Toll Bridge Commission, &c.,* 119 *N. J. L.* 600. In *Sommer* v. *State Highway Commission,* 106 *Id.* 26, there was no statute providing for incidental damages incident to the change of grading.

This court will not lightly disturb the findings of two concurring tribunals. The record shows proof to support the findings of both the board and the Circuit Court. Hence, such findings will not be reviewed here. *Dean* v. *Paterson,* 68 *N. J. L.* 664.

The writ will be dismissed.